LK_Answer2..doc

**Carl E. Person   (CP  7637)**
*Attorney for Defendant, LaserKlinic LLC*
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**


# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

| | |
|---|---|
| THE BLOCH GROUP, LLC, | : **ECF CASE** |
| | : |
| Plaintiff, | : **08 CV 5357  (MGC) (KNF)** |
| | : |
| v. | : **ANSWER** |
| | : |
| LASERKLINIC LLC, | : **(Jury Demand)** |
| | : |
| Defendant. | : |
| | : |

-------------------------------------------------------------------------x

Defendant, **LaserKlinic LLC** (hereinafter, "LaserKlinic" or "Defendant"), by its attorney, Carl E. Person, for its **Answer** to the Plaintiff's Complaint herein alleges as follows:

1..     DENIES each of the allegations in ¶ 1 of the Complaint, except ADMITS that the action purports to arise out of alleged copying of alleged protected elements of the Plaintiff's website.

2..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint, except ADMITS that the Plaintiff is a limited liability company organized under the laws of the State of New York.

3..     ADMITS each of the allegations in ¶ 3 of the Complaint, except DENIES having information sufficient to form a belief as to whether Defendant's line of services is "comprehensive".

4..     ADMITS each of the allegations in ¶ 4 of the Complaint.

5..     ADMITS each of the allegations in ¶ 5 of the Complaint, except DENIES that the website was at all relevant times owned or operated by the Defendant and that the website, offering local services, is in fact in any type of "interstate commerce".

6..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 6 of the Complaint.

7..     ADMITS each of the allegations in ¶ 7 of the Complaint, except DENIES that the Defendant is liable to the Plaintiff as to any of the allegations or claims.

8..     ADMITS each of the allegations in ¶ 8 of the Complaint, except DENIES that the Defendant is liable to the Plaintiff as to any of the allegations or claims.

9..     ADMITS each of the allegation in ¶ 9 of the Complaint.

10..    ADMITS each of the allegations in ¶ 10 of the Complaint.

11..    DENIES each of the allegations in ¶ 11 of the Complaint, except ADMITS that the Defendant is subject to personal jurisdiction in this judicial district.

12..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 15 of the Complaint.

16..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 16 of the Complaint.

17..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 17 of the Complaint.

18..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 18 of the Complaint.

19..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 19 of the Complaint.

20..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint, and further DENIES that every element of the Plaintiff's website is copyrightable.

21..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 21 of the Complaint, except ADMITS that Exhibit 2  to the Complaint is a copyright application.

22..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 22 of the Complaint.

23..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 23 of the Complaint.

24..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 24 of the Complaint.

25..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 25 of the Complaint.

26..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 26 of the Complaint, including sub-paragraphs "a." through "h.".

27..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 27 of the Complaint.

28..     ADMITS each of the allegations in the first sentence of ¶ 28 of the Complaint and that Exhibit 3 of the Complaint is a printout of pages or partial pages from Defendant's website as of the date and time of the printout, but DENIES each of the other allegations in said paragraph.

29..     DENIES the allegations in ¶ 29 of the Complaint.

30..     DENIES each of the allegations in ¶ 30 of the Complaint, including sub-paragraphs "a." through "k." except ADMITS that there are some similarities between Plaintiff's and Defendant's websites, but DENIES that there is any actionable similarity under any statute or under common law.

31..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 31 of the Complaint.

32..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 32 of the Complaint.

33..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 33 of the Complaint.

34..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 34 of the Complaint.

35..     ADMITS in allegation in ¶ 34 of the Complaint that on or about April 2, 2008 someone on behalf of the Plaintiff called to discuss alleged similarities between the two websites

and that some type of incomprehensible infringement was being claimed, but DENIES there are significant similarities and that there is any infringement.

36..    ADMITS the allegations in ¶ 36 of the Complaint that the Defendant would make changes to its website to remove some similarities but DENIES that it would remove all similarities being claimed by the Plaintiff or that Defendant would cease and desist from using each of the similarities being claimed by the Plaintiff.  For example, there is a similarity as to the use of the word "laser", but Defendant never agreed not to use the word "laser".  "Woman", "women" and "stretch marks" are referred to in both websites, but Defendant never agreed to eliminate the words "women", "woman" or "stretch marks". Also, Defendant DENIES that it agreed to any claim that Defendant had copied any elements of Plaintiff's website.

37..    DENIES each of the allegations in ¶ 37 of the Complaint, except ADMITS that Plaintiff's counsel sent Defendant a letter and that the letter claimed that Defendant had made a commitment to change Defendant's site, no later than April 15, 2008.

38..    DENIES each of the allegations in ¶ 38 of the Complaint except ADMITS that no changes were made by April 15, 2008 and that a call was made to Plaintiff's counsel requesting additional time to make various changes and that Plaintiff's attorney agreed to additional time.  At no time was it understood between the parties what changes were going to be made.

39..    DENIES each of the allegations in ¶ 39 of the Complaint.  No specific changes had been promised.

40..    ADMITS each of the allegations in ¶ 40 of the Complaint, but DENIES that there is or was any legal basis for Plaintiff's demands.

41..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 41 of the Complaint.

42..    ADMITS each of the allegations in ¶ 42 of the Complaint, but DENIES that there is or was any legal basis for Defendant being required to make any of the modications.

43..     DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 43 of the Complaint and objects to the allegations as being unnecessarily verbose, irrelevant and duplicative.  Defendant had no legal obligation to make any changes and was dealing with the Plaintiff to try to avoid a lawsuit, even if it meant giving in to some of Plaintiff's unwarranted demands.

**[Plaintiff's Heading]**
**<u>FIRST CLAIM FOR RELIEF</u>**
**(Copyright Infringement Pursuant to 17 U.S.C. §501)**

44..    Defendant repeats and realleges each of the allegations set forth in ¶¶ 1-43 above as if fully set forth herein.

45..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 45 of the Complaint.

46..    ADMITS the allegations in ¶ 46 of the Complaint, however DENIES that the Defendant has done any unlawful copying or infringement of anything in the Plaintiff's website.

47..    DENIES each of the allegation in ¶ 47 of the Complaint.

48..    DENIES each of the allegations in ¶ 48 of the Complaint on the grounds that the Plaintiff is claiming copyright protection where none exists.

49..    DENIES each of the allegations in ¶ 49 of the Complaint.

50..    DENIES each of the allegations in ¶ 50 of the Complaint.

51..    DENIES each of the allegations in ¶ 51 of the Complaint.

52..    DENIES each of the allegations in ¶ 52 of the Complaint.

53..    DENIES each of the allegations in ¶ 53 of the Complaint.

**[Plaintiff's Heading]**
**SECOND CLAIM FOR RELIEF**
**(Trade Dress Infringement Pursuant to Section 43(A) of The Lanham Act)**

54..    Defendant repeats and realleges each of the allegations set forth in ¶¶ 1-53 above as if fully set forth herein.

55..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 55 of the Complaint.

56..    DENIES each of the allegations in ¶ 56 of the Complaint.

57..    DENIES each of the allegations in ¶ 57 of the Complaint.

58..    DENIES each of the allegations in ¶ 58 of the Complaint.

59..    DENIES each of the allegations in ¶ 59 of the Complaint.

60..    DENIES each of the allegations in ¶ 60 of the Complaint.

61..    DENIES each of the allegations in ¶ 61 of the Complaint.

**[Plaintiff's Heading]**
**THIRD CLAIM FOR RELIEF**
**(Common Law Trademark Infringement and Unfair Competition)**

62..    Defendant repeats and realleges each of the allegations set forth in ¶¶ 1-61 above as if fully set forth herein.

63..    DENIES each of the allegations in ¶ 63 of the Complaint.

64..    DENIES each of the allegations in ¶ 64 of the Complaint.

65..    DENIES each of the allegations in ¶ 65 of the Complaint.

Plaintiff's Heading]
**FOURTH CLAIM FOR RELIEF**
**(New York State Statutory Trademark Dilution)**

66..     Defendant repeats and realleges each of the allegations set forth in ¶¶ 1-65 above as if fully set forth herein.

67..     ADMITS that the Plaintiff's allegations in ¶ 67 of the Complaint have been made under the described statute, but DENIES that the Defendant is liable to the Plaintiff as to any of the allegations or claims.

68..     DENIES each of the allegations in ¶ 68 of the Complaint.

69..     DENIES each of the allegations in ¶ 69 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

70..     Plaintiff fails to state a claim upon which any relief may be granted [12(b)(6)].

### 2nd Affirmative Defense

71..     Improper venue [12(b)(3)].

### 3rd Affirmative Defense

72..     Plaintiff's website contains non-protectable ideas and concepts under the Copyright Act, the Lanham Act and New York commonlaw trademark law, including functional elements, descriptive elements, elements in general use in websites and, upon information and belief, elements taken by the Plaintiff from other websites.  Plaintiff's alleged similarities are not a protectable expression of ideas under the Copyright Act.

**4th Affirmative Defense**

73..    Invalidity of copyright, upon information and belief.

**5th Affirmative Defense**

74..    Innocent Infringement of Plaintiff's copyright(s).  Plaintiff's website had no copyright notice.

**6th Affirmative Defense**

75..    Fair use of material allegedly subject to Plaintiff's copyright(s).

**7th Affirmative Defense**

76..    Copyright and trademark abuse, by requiring Defendant to make changes to which the Plaintiff is not entitled to avoid being sued for infringement.

**8th Affirmative Defense**

77..    Laches.

**9th Affirmative Defense**

78..    Estoppel.

**10th Affirmative Defense**

79..    Non-enforcement of Plaintiff's alleged copyright and commonlaw trademark and trade dress.

**11th Affirmative Defense**

80..    Non-infringement of Plaintiff's commonlaw trademark and trade dress.

**12th Affirmative Defense**

81..    Upon information and belief, invalidity of copyright based on lack of ownership by the Plaintiff of all of the elements claimed to be subject to the copyright.

**Jury Demand**

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

**PRAYER**

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

**Dated:    New York, New York**
**July 7, 2008**

_____
**Carl E. Person   (CP  7637)**
**Attorney for Defendant,**
**   LaserKlinic LLC**
**325 W. 45th Street - Suite 201**
**New York, New York 10036-3803**
**(212) 307-4444**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
|  | : | **ECF CASE** |
| **THE BLOCH GROUP, LLC,** | : | |
|  | : | **08 CV 5357  (MGC) (KNF)** |
| Plaintiff, | : | |
|  | : | <u>**PROOF OF SERVICE**</u> |
| v. | : | |
|  | : | |
| **LASERKLINIC LLC,** | : | |
|  | : | |
| Defendant. | : | |
|  | : | |
------------------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby

affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 7, 2008, I served a true copy of

the foregoing **ANSWER** (the "Document"), on the attorneys for the Plaintiff,

(i) by mailing a copy of the Document to.

> **Paul H. Levinson, Esq.**
> **Oliver R. Chernin, Esq.**
> **McLaughlin & Stern, LLP**
> **260 Madison Avenue**
> **New York, NY  10016**

and (ii) by the Court's ECF system at the time of the electronic filing of this Answer.

**Dated: New York, New York**
**        July 7, 2008**

By _____
    **Carl E. Person (CP 7637)**